UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

Case No. 1:09-00186
HON. AVERN COHN

JOSE A. SANDOVAL,

    Defendant.

_____/

### SENTENCING MEMORANDUM[1]

Defendant is before the Court on a jury conviction of obstructing the due administration of justice, 18 U.S.C. § 1503. The jury also found defendant not guilty of subornation of perjury, 18 U.S.C. § 1622. The circumstances of the charges and proofs are set forth in the Memorandum and Order Denying Motion for Judgment of Acquittal or in the Alternative for a New Trial (Doc. 95) filed August 17, 2010, and need not be repeated here.

The Court has received a presentence report from the probation department. Defendant's lawyer, by letter of June 18, 2010, takes objection to certain facts in the offense conduct section of the report. The Court assumes that the probation officer and counsel for defendant can work these out and will not discuss them. Should the two be unable to agree, they can schedule a conference call with the Court to resolve the differences.

---

[1] This is a revision of the Court's commentary at the sentencing of defendant on October 5, 2010.

None of the objections to the presentence report as reflected in the letter relate to the substance of the sentencing.

The first task of the Court is to establish the recommended offense level of the offense of conviction. There is no dispute over the defendant's criminal history. After establishing the recommended offense level the Court will impose sentence. Prior to imposition of sentence the defendant may allocute and the government may respond.

As to the recommended offense level, the presentence report computes it as follows: base offense level 14 under U.S.S.G. § 2J1.2(a); substantial interference adjustment under U.S.S.G. § 2J1.2(b)(2), add three levels; abuse of a position of trust under U.S.S.G. § 3B1.3, add two levels; and willful obstruction, perjury in testimony under U.S.S.G. § 3C1.1(a), add two levels. This results in an Offense Level 21 and Criminal History I, and calls for a sentencing range of 37 to 46 months.

The defendant objects to the enhancements, particularly the substantial interference and willful obstruction enhancements, and argues for a recommended Offense Level of 16, which calls for a recommended sentencing range of 21 to 27 months. The defendant's reasons are set forth in its Objections to Presentence Investigation Report (Doc. 97), and will not be repeated here.

The government has responded in the Response to Defendant's Objections to Presentence Investigation Report (Doc. 99), arguing in some detail first, that defendant's conduct resulted in substantial interference with the administration of justice and, second, that defendant perjured himself at trial.

The Court is satisfied after fully considering the defendant's argument and the government's response that, whatever the dislocation of the government's prosecutorial

policies and objectives, the three level increase called for by U.S.S.G. § 2J1.2(b)(2) is inappropriate. The Court is also satisfied that while the evidence at trial is sufficient to sustain the defendant's conviction, it would not have been a miscarriage of justice had the jury found the defendant not guilty. Because of this, the Court is satisfied that the adjustment called for by U.S.S.G. § 3C1.1(a) is not appropriate. This means that the appropriate guideline score is Offense Level 16 and Criminal History Category I, which calls for a recommended guideline range of 21 to 27 months.

The defendant in his sentencing memorandum argues for a non-custodial sentence. In the circumstances, the Court is satisfied that such a sentence is inappropriate. As the government states in its Response to Defendant's Sentencing Memorandum and Motion for Downward Variance (Doc. 100):

> Defendant was an officer of the Court, but he used his position of special trust to try and subvert the process that everyone – the Court, the government, the public, and every single defendant who is brought into court – relies on to ensure that the innocent go free and the guilty do not. Any other person who committed such an offense would deserve to go to jail, and Defendant's apparent status as a serial liar who is also an attorney calls for confinement more than for a defendant in a "garden-variety" obstruction case. The need to promote respect for the law is palpable in this case, as is the need to send a general deterrent message. However, if the public sees that an attorney can repeatedly lie in Federal court, first as an attorney and then as a defendant, and not receive the kind of sentence any layman presumably would for the same misconduct, the message would necessarily be one of special-treatment for lawyers. Such a message would certainly undermine respect for the law. Further, if attorneys, who are the guardians of the system's integrity, can lie in court without receiving the sanction of jail time, the average non-attorney would logically expect to be treated even more leniently.

(Doc. 100 p.5).

3

It is the sentence of the Court that defendant be placed in the custody of the Bureau of Prisons for a term of six months, to be followed by two years of supervised release, under the standard terms and conditions of the Western District of Michigan. During the first 12 months of supervised release, defendant shall perform 200 hours of community service as determined by the Probation Department.  A $100.00 special assessment is imposed.  No fine is imposed.  The defendant shall not have to pay the costs of supervised release.

In imposing the sentence, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), particularly the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, to promote respect for law, and to promote just punishment for the offense.

There is no explanation of why defendant attempted to subvert the prosecution of Mrs. Perez.  The defendant has offered none.  The Court cannot discern why.  The defendant, while perhaps not experienced in federal criminal prosecutions, had to know he crossed the line between legitimate advocacy and illegal conduct in the way he went about trying to undermine the government's case.  While defendant has an exemplary community record of conduct, and will undoubtedly lose his right to practice law, perhaps permanently, the Court is satisfied that the sentence imposed as noted above is sufficient but not greater than necessary to satisfy the purposes of sentencing.

The defendant may report voluntarily to an institution designated by the Bureau of Prisons not sooner than 60 days from today.

      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 22, 2010, by electronic and/or ordinary mail.

      S/Julie Owens
Case Manager, (313) 234-5160